UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Soscia Holdings, LLC

      v.                              Civil No.  22-cv-266-LM
                                         Opinion No. 2023 DNH 089 P

State of Rhode Island, et al.

## O R D E R

Soscia Holdings LLC has again moved for a preliminary injunction (doc. no. 48) and has more recently moved for emergency relief to preserve the status quo in this case (doc. no. 52). The defendants have moved for an extension of time of 30 days to address both motions. Doc. no. 53. For the reasons that follow, the court grants the defendants' motion for an extension of time and imposes an emergency and temporary injunction to preserve the status quo in this case until the preliminary injunction issues can be fully briefed and resolved.

## BACKGROUND

Soscia brought federal and state claims against the State of Rhode Island, the Rhode Island Department of Environmental Management ("DEM"), DEM Director Terrence Gray, and Administrator of DEM Office of Compliance and Inspection David E. Chopy. Soscia's claims arise from its operation of the Flat River Reservoir Dam ("Dam") in Coventry, Rhode Island. In July 2022, DEM sent letters to Soscia under a law requiring permits for certain dams, Rhode Island General Laws § 46-19.1-1 ("Permitting Act"), directing Soscia to reduce the water flow from the Dam in

order to raise the water level in the reservoir created by the Dam, known as Johnson's Pond. Those letters expired without further action.

Soscia previously moved for a preliminary injunction, which the court denied by an oral motion on January 24, 2023, during the hearing on the defendants' motion to dismiss and Soscia's motion for injunctive relief. On June 15, 2023, the court granted in part and denied in part the defendants' motion to dismiss, holding that sovereign immunity barred Soscia's claims for money damages against the State of Rhode Island and the individual defendants in their official capacities and that qualified immunity barred Soscia's claims for money damages against Terrence Gray and David Chopy in their individual capacities. Doc. no. 42. The federal claims that remained in the case following the court's order were Counts I through IV brought against Gray and Chopy in their official capacities and seeking only prospective injunctive relief, and state law claims in Counts V and VI.

On July 17, 2023, the defendants filed a second motion to dismiss. Doc. no. 43. In response, on July 19, Soscia Holdings filed a motion for leave to amend the complaint. Doc. no. 44. On July 19, Soscia Holdings again moved for a temporary restraining order or a preliminary injunction to stop the defendants from enforcing the Permitting Act. Doc. no. 48. On July 24, Soscia Holdings moved for extra time to respond to the motion to dismiss. Doc. no. 49.

On July 26, 2023, the court held a scheduling conference on the pending motions. The court granted Soscia's motion to amend to file a fourth amended complaint with direction to Soscia to clarify that the court had dismissed its claims

for compensatory and punitive damages in Counts I through IV and dismissed all claims in Counts I through IV except those seeking prospective injunctive relief against Terrence Gray and David Chopy. Doc. no. 50. Soscia has now filed the fourth amended complaint. Doc. no. 51.

During the scheduling conference, the court discussed Soscia's motion for a preliminary injunction and directed counsel to confer with clients and work with each other to draft a preliminary injunction that preserves the status quo ante in this case. The court also stated that if the parties were unable to reach agreement, either party could file a properly supported motion seeking an emergency preliminary injunction.

Unfortunately, the parties were unable to agree to a preliminary injunction to preserve the status quo ante. Soscia filed a motion for a temporary restraining order. Doc. no. 52. The defendants filed a motion for an extension of time of 30 days to respond to both pending motions for injunctive relief. Doc. no. 53. Those motions are addressed here.

**STANDARD OF REVIEW**

A temporary restraining order ("TRO") is extraordinary relief that is issued without notice to the adverse party. Fed. R. Civ. P. 65(b)(1); Lucero v. Coppinger, 2023 WL 363592, at *2 (D. Mass. Jan. 23, 2023). To succeed on a motion for a TRO, the moving party must provide "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B)

3

the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). A TRO may only be issued for a period of up to 14 days. Fed. R. Civ. P. 65(b)(2).

A preliminary injunction requires notice to the adverse party. Fed. R. Civ. P. 65(a). "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Does 1-6 v. Mills, 16 F.4th 20, 29 (1st Cir. 2021), cert. denied sub nom. Does 1-3 v. Mills, 212 L. Ed. 2d 9, 142 S. Ct. 1112 (2022) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)). Irreparable harm is measured on a sliding scale in relation to the likelihood of success – the greater the likelihood, the less harm must be shown. Braintree Labs., Inc. v. Citigroup Glob. Markets Inc., 622 F.3d 36, 42-43 (1st Cir. 2010). Constitutional violations are not per se irreparable harm, although violations of certain First Amendment rights and "other rights as to which temporary deprivation is viewed of such qualitative importance as to be irremediable by any subsequent relief." Vaqueria Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 485 (1st Cir. 2009). Because preliminary injunctive relief is an extraordinary remedy, the party seeking an injunction bears the burden of establishing all four factors. Esso Standard Oil Co. (P.R.) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006). The most important factors, however, are likelihood of

4

success and irreparable harm. [District 4 Lodge of the Int'l Assoc. of Machinists & Aerospace Workers Local Lodge 207 v. Raimondo,](#) 40 F.4th 36, 39 (1st Cir. 2022).

## DISCUSSION

Soscia moves for a TRO or a preliminary injunction to preserve the status quo in this case. Because Soscia filed the motion with notice to the defendants, the court considers it as a motion for a preliminary injunction on an emergency basis. The defendants have not yet responded to the motion and ask for an additional 30 days to do so.

Soscia contends, based on its memorandum in support of its motion for a preliminary injunction (doc. no. 48), that it is likely to show that the Permitting Act and the defendants' actions have violated and continue to violate the Contracts Clause, Article 1, § 10, the Takings Clause of the Fifth Amendment, its due process rights under the Fifth and Fourteenth Amendments, and the Equal Protection and Due Process Clauses of the Fifth and Fourteenth Amendments. The defendants' motion to dismiss, which is now moot, argues that Soscia does not state cognizable claims. Therefore, Soscia's likelihood of success is disputed, based on the current record.

Soscia argues that without injunctive relief it will suffer irreparable harm, based on new circumstances since the prior motion was denied in January of this year. In support, Soscia states that the defendants have now imposed a fine of $23,000 and that failure to comply with the Permitting Act could result in fines of $2,000 per day. Soscia also contends that the newly enacted regulations under the

5

Permitting Act require it to apply for a permit that will cause it significant expense. Soscia contends that because of the court's ruling on sovereign immunity and qualified immunity it will not be able to recover those costs from the defendants.

Under the circumstances presented here, without a response from the defendants, the court is unable to determine whether Soscia is likely to succeed on the merits of its claims or whether it will suffer irreparable harm in the absence of an injunction. With respect to irreparable harm, the court's recent rulings on sovereign immunity and qualified immunity preclude compensation on the federal claims through money damages in this case, which may support a finding of irreparable harm caused by the fine and the costs of the permitting process. See, e.g., Rosario-Urdaz v. Rivera-Hernandez, 350 F.3d 219, 222 (1st Cir. 2003); N.J. Staffing Alliance v. Fais, No. 1:23-CV-02494, 2023 WL 4760464, at *7 (D.N.J. July 26, 2023). In addition, the most recent motion for injunctive relief was filed late yesterday afternoon. No hearing on the motion would be possible until Monday. Further, the defendants have asked for an additional 30 days to respond to Soscia's motions for injunctive relief, which would delay the court's consideration of the matter.

For these reasons, the better course at this juncture is to enjoin the parties from actions that would change the status quo until the preliminary injunction issues can be fully briefed, heard, and resolved. See, e.g., Pre-Paid Legal Servs., Inc. v. Smith, 2011 WL 4862429, at *1 (E.D. Okla. Oct. 13, 2011). The status quo is the state of affairs that existed before Soscia lowered the water level in Johnson's

6

Pond and the defendants responded by enforcing the Permitting Act, which precipitated Soscia's claims alleged here. Therefore, the court will issue a temporary preliminary injunction that will continue until an order on Soscia's motion for a preliminary injunction is issued.

## CONCLUSION

For the foregoing reasons, the defendants' motion for an extension of time (doc. no. 53) is granted and the defendants' response to Soscia's pending motions for injunctive relief (doc. nos. 48 and 52) will be due **on or before September 1, 2023.**

The parties are hereby enjoined from changing the status quo that existed with respect to Johnson's Pond and enforcement of the Permitting Act before Soscia lowered the water level in Johnson's Pond below its historic levels. Soscia shall maintain the water levels in Johnson's Pond in accordance with the requirements of the Coventry Lease. The fine of $23,000 recently issued against Soscia shall be held in abeyance without enforcement or accrual of interest or other penalties. The application requirement under the Permitting Act and its regulations is also held in abeyance without imposition of fines or other penalties. The defendants shall not impose any other fines or penalties on Soscia arising from its operation of the dam on the Pawtuxet River or its control of water levels in Johnson's Pond absent prior authorization of the court.

This emergency preliminary injunction shall continue until the court issues an order resolving Soscia's motions for injunctive relief (doc. nos. 48 and 52).

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge
Sitting by designation.

July 29, 2023

cc:     Counsel of record.